UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.W.S.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IAIN D. JOHNSTON, et al.,<br><br>　　　　Defendants. | Case No.  22-cv-04718-JSW<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 6, 14, 17 |

Now before the Court for consideration is the motion for remand filed by Plaintiff A.W.S. ("Plaintiff").  The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument.  The Court VACATES the hearing scheduled for October 14, 2022.  For the following reasons, the Court DENIES Plaintiff's motion.

## BACKGROUND

Plaintiff is an attorney licensed to practice in California.  On July 7, 2022, Plaintiff filed a complaint for declaratory relief against Judge Iain D. Johnston ("Judge Johnston") in Superior Court of California, Contra Costa County.[1]  (Not. of Removal ¶ 1; *id*., Ex. 1 ("Compl.").)  Plaintiff alleges that Johnston, who is now a U.S. District Court Judge for the Northern District of Illinois, made factually incorrect statements to the United States Senate Committee on the Judiciary during his application process to become a federal judge regarding Plaintiff's involvement in in a products liability suit in the Northern District of Illinois, *Bailey v. Bernzomatic*, No. 16-cv-07458

---

[1] Plaintiff originally sought declaratory relief against the California State Bar Office of the Chief Trial Counsel ("OCTC") but subsequently moved to voluntarily dismiss the OCTC, a request which the Court GRANTS.  (*See* Dkt. No. 14.)

("*Bailey*").[2] (Compl. ¶¶ 5-7.) Plaintiff alleges that he sent a confidential correspondence to Judge Johnston regarding these statements and informed Judge Johnston that Plaintiff intended to inform the Senate of the correct facts. (*Id*. ¶ 8.)

Plaintiff alleges that on July 23, 2020, three days after he sent the letter to Judge Johnston, the Executive Committee of the United States District Court for the Northern District of Illinois ("Executive Committee") issued an order regarding Plaintiff's conduct at the federal courthouse in the Northern District of Illinois (the "Order"). (*Id*.) The Order stated that the Executive Committee had received concerning reports regarding Plaintiff's behavior during visits to the courthouse, that Plaintiff had engaged in disruptive behavior during Court hearings, made false statements on Court documents, failed to comply with orders from the Executive Committee, and demanded videoconference sessions with judges. (*Id*.) As a result, the Executive Committee ordered that a U.S. Marshal always accompany Plaintiff while present at the courthouse. (*Id*.) Plaintiff alleges that the Executive Committee's allegations were false and were based on false statements made to the Executive Committee by Judge Johnston in attempt to discredit Plaintiff because of Plaintiff's intent to advise the Senate of Judge Johnston's purportedly inaccurate statements. (*Id*. ¶ 15.) Plaintiff alleges that the California State Bar Office of Chief Trial Counsel ("OCTC") has a pending investigation into Plaintiff about the allegations of misconduct reported in the Order. (*Id*. ¶ 16.)

Plaintiff requests declaratory judgment establishing that: (1) Judge Johnston made factually incorrect statements to the Senate regarding the legal matter handled by Plaintiff in his Senate questionnaire; (2) Judge Johnston made false allegations about Plaintiff to the Executive Committee, which caused the Order to issue; (3) Judge Johnston intended for his false representations about Plaintiff to cause injury and damage; (4) Plaintiff suffered injury and damage; (5) the Order is defamatory on its face; and (6) Judge Johnston has failed to inform the

---

[2] The *Bailey* case was assigned to District Judge Philip Reinhard and Judge Johnston, who at that time was a magistrate judge. Judge Reinhard ultimately revoked Plaintiff's *pro hac vice* status but not before Plaintiff filed two motions to disqualify Judge Johnston based on Judge Johnston's prior employment with a law firm that had represented Bernzomatic in another lawsuit brought by Plaintiff personally. Judge Johnston denied these motions.

2

Senate of his factually incorrect statements to the Executive Committee and the Senate. (*Id.* ¶ 17.)

On August 17, 2022, the Government removed this case under 28 U.S.C. sections 1442(a)(3) and 1442(a)(1) ("Section 1442(a)"), on behalf of Judge Johnston, in his official capacity.[3] The Government asserts the action is removable because Plaintiff is suing an "officer of the courts of the United States, for or relating to any Act under color of office or in the performance of his duties." *See* 28 U.S.C. § 1442(a)(3).

**ANALYSIS**

Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). To qualify for removal under the statute, an officer of the federal courts must raise a colorable federal defense and establish that the suit is "for or relating to any act under color of office." 28 U.S.C. § 1442(a)(3). The purpose of the federal officer removal statute is to allow the defense to be adjudicated in a federal forum. *Willingham v. Morgan*, 395 U.S.C. 402, 407 (1969). Unlike the right to removal under 28 U.S.C. section 1441, removal jurisdiction under Section 1442 is broadly construed in favor of removal. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006).

The Government argues that this action satisfies the "for or relating to any act under color of office" requirement because Plaintiff's complaint relates to statements Judge Johnston purportedly to the Executive Order, which caused the Executive Committee to issue the Order. The Government asserts that any such statements Judge Johnston made to the Executive Committee would have occurred as part of his duty as a magistrate judge. The Government puts forth evidence establishing that the Executive Committee is charged with administering and conducting the business of the Court, and it issues and enforces administrative orders to aid this charge. (*See* Dkt. No. 22, Declaration of Thomas G. Bruton ¶ 3.) The Executive Committee relies

---

[3] Judge Johnston does not appear to have been served in his individual capacity. The Government contends that to the extent Plaintiff brings claims against Judge Johnson in his official capacity, those are considered a suit against the United States. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

3

on information from Court officers and personnel, including district judges and magistrate judges, regarding issues relevant to Court administration to fulfill its duties. (*Id.* ¶¶ 3-4.)

The Court finds that this evidence is sufficient to establish that any statements Judge Johnston made to Executive Committee would have been provided as part of his federal duty as a magistrate judge to assist the Executive Committee in discharging its official powers. Thus, the Government has satisfied the "for or relating to an act under color of office" requirement of the federal officer removal statute.

The Government also argues that it has satisfied the federal defense requirement based on the assertion of the defense of sovereign immunity. To satisfy this requirement, the removing defendant need not prove that its defense is meritorious; it need only show there is a legitimate question of federal law to be decided regarding the validity of the defense. *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014); *Mesa v. California*, 489 U.S. 121, 129 (1989). The Supreme Court has rejected a "narrow, grudging interpretation" of the statute with regard to the colorable defense requirement. *See Jefferson Cnty.*, 527 U.S. at 431.

The Court finds the Government has established it has a colorable defense of sovereign immunity. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Sovereign immunity extends to officers acting within the scope of their authority. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The applicability of the doctrine of sovereign immunity is to be determined by the result of the judgment or decree which may be entered, not by the party named as defendant. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 n. 6 (1949). That is, a suit against an officer of the United States is one against the United States if "the decree would operate against the sovereign; or if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." *Brown v. General Serv. Admin.*, 425 U.S. 820, 826-27 (1976) (internal citations and quotation marks omitted).

Here, Plaintiff seeks declaratory relief establishing, among other things, that Judge

Johnston made false allegations about Plaintiff to the Executive Committee, which led the Executive Committee to issue a defamatory Order. The Government asserts that the relief Plaintiff seeks would operate against the Government and interfere with official acts by compelling it to act with regard to official governmental communications. The Court finds the Government's invocation of the defense of sovereign immunity sufficient to meet the jurisdictional requirement of possessing a "colorable federal defense." *Cnty. Bd. of Arlington Cnty., Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 254 (4th Cir. 2021) ("To be colorable, the defense need not be clearly sustainable…[and] must only be plausible.") (internal citations and quotation marks omitted).

Plaintiff's primary argument against removal is that Judge Johnston was acting of his own accord when he made the allegedly false statements to the Executive Committee and he is not seeking relief against Judge Johnston in his official capacity. This argument is premature at this juncture. The question Plaintiff raises is whether Judge Johnston was engaged in a "frolic of [his] own," and Judge Johnston should have the opportunity to present his version of the facts to a federal court to answer that question. *Willingham*, 395 U.S. at 409. Thus, the merits of Plaintiff's argument should be determined in federal court, and a motion to remand is not the proper vehicle to do so. *See Jefferson Cnty.*, 527 U.S. at 432 ("[W]e credit the judges' theory of the case for purposes of both elements of our jurisdictional inquiry.").

Plaintiff also contends that removal under the federal officer removal statute is improper because the alleged misstatements Judge Johnston made to the United States Senate Committee on the Judiciary were not made in the course of his employment as a magistrate judge. Rather, Judge Johnston made those statements as an individual in the process of applying for a government position as a federal judge. However, even assuming Plaintiff is correct, it does not defeat removal because the Government has plausibly established that removal under Section 1442(a) is proper as to any statements Judge Johnston may have made to the Executive Committee. *See Pizarro v. Astra Flooring Co.*, 444 F. Supp. 3d 1146, 1151 (N.D. Cal. 2020) ("[I]f the failure-to-warn claim may be removed under Section 1442(a)(1), then the *entire action* may be removed, even if plaintiffs' other claims would not have been independently removable."); *National*

*Audubon Soc. v. Dept. of Water & Power*, 496 F. Supp. 499, 509 (E.D. Cal. 1980) ("It is well settled that if one claim cognizable under Section 1442 is present, the entire action is removed, regardless of the relationship between the Section 1442 claim and the non-removable claims.").

Plaintiff also argues that the Seventh Circuit's decision in *In re Shalaby*, No. 20-2689, precludes the assertion of any federal defenses in this action. In that decision, the Seventh Circuit found that the Order was not appealable under 28 U.S.C. section 1291 because it was administrative rather than judicial. *In re Shalaby*, No. 20-2689, 2022 WL 2438825, at *2 (7th Cir. July 5, 2022). Although the Seventh Circuit found it lacked appellate jurisdiction over Plaintiff's challenge to the Order, the Seventh Circuit did not address the propriety of federal jurisdiction over equitable claims brought against Judge Johnston in a separating proceeding regarding the statements he allegedly made to the Executive Committee.

Finally, the Court finds Plaintiff's argument regarding *Ex Parte Young* unpersuasive as it does not impact the question presently before the Court: whether this court has jurisdiction under the federal officer removal statute.

The Court finds the Government has shown a sufficient connection between Judge Johnston's official authority and the acts complained of such that they are acts "under color of office" for purposes of the federal officer removal statute. The Court also finds that the Government has raised a colorable defense of sovereign immunity. Thus, removal was proper under Section 1442, and the Court DENIES Plaintiff's motion to remand.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for remand. The Court DENIES Plaintiff's request for judicial notice AS MOOT because this order need not rely on those documents. (Dkt. No. 24.) The Court DENIES Plaintiff's motion to correct the order regarding consent. (Dkt. No. 17.)

**IT IS SO ORDERED.**

Dated: October 4, 2022

_____
JEFFREY S. WHITE
United States District Judge

6