UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW W. SHALABY,<br><br>Plaintiff,<br><br>v.<br><br>IAIN D. JOHNSTON, et al.,<br><br>Defendants. | Case No. 22-cv-04718-JSW<br><br>**ORDER GRANTING MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 36, 37 |

Now before the Court for consideration are: (1) the motion to dismiss filed by Defendant Judge Iain D. Johnston ("Judge Johnston"); and (2) the motion to dismiss filed by the Federal Defendants. The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Defendant Johnston's motion and GRANTS the Federal Defendants' motion.

**BACKGROUND**

Plaintiff Andrew Shalaby ("Plaintiff") is an attorney licensed to practice in California. (Dkt. No. 28, FAC ¶ 1.) On July 7, 2022, Plaintiff filed a complaint for declaratory relief against Judge Johnston in Superior Court of California, Contra Costa County.[1] (Not. of Removal ¶ 1; *id*., Ex. 1 ("Compl.").) The Government removed the case under 28 U.S.C. sections 1442(a)(3) and 1442(a)(1) on behalf of Judge Johnston in his official capacity. Plaintiff filed a motion to remand, which the Court denied on October 4, 2022. (Dkt. No. 27.) On October 19, 2022, Plaintiff filed

---

[1] Plaintiff originally also sought declaratory relief against the California State Bar Office of the Chief Trial Counsel ("OCTC") but subsequently voluntarily dismissed the OCTC. (*See* Dkt. Nos. 14, 27.)

the first amended complaint ("FAC"). (Dkt. No. 28.)

Plaintiff alleges that Judge Johnston, who is now a United States District Court Judge for the Northern District of Illinois, made factually incorrect statements to the United States Senate Committee on the Judiciary during his application process to become a federal judge in 2020. The allegedly false statements related to Plaintiff's involvement in a products liability suit in the Northern District of Illinois, *Bailey v. Bernzomatic*, No. 16-cv-07458 ("*Bailey*"). (FAC ¶¶ 5-7.) Plaintiff alleges that on July 20, 2020, he sent a confidential correspondence to Judge Johnston regarding the allegedly false statements and informed Judge Johnston that he intended to inform the Senate of the correct facts about the *Bailey* matter. (*Id*. ¶ 8.)

On July 23, 2020, three days after Plaintiff sent the correspondence to Judge Johnston, the Executive Committee of the United States District Court for the Northern District of Illinois ("Executive Committee") issued an order regarding Plaintiff's conduct at the federal courthouse in the Northern District of Illinois (the "Order"). (*Id.* ¶ 8.) The Order stated the Executive Committee had received concerning reports regarding Plaintiff's behavior during visits to the courthouse, including that Plaintiff engaged in disruptive behavior during hearings, made false statements on court documents, failed to comply with orders from the Executive Committee, and demanded videoconference sessions with judges. (*Id*.) As a result, the Executive Committee ordered a U.S. Marshal to accompany Plaintiff when present at the courthouse. (*Id*.) Plaintiff alleges the Order was based on false allegations made by Judge Johnston to the Executive Committee to discredit Plaintiff because of Plaintiff's intent to report Judge Johnston's false statements regarding the *Bailey* matter to the Senate Judiciary Committee. (*See id.* ¶¶ 9-12, 15.)

Plaintiff brings one cause of action for declaratory relief establishing that: (1) Judge Johnston made factually incorrect statements to the Senate regarding the legal matter handled by Plaintiff in his Senate questionnaire; (2) Judge Johnston made false allegations about Plaintiff to the Executive Committee, which caused the Order to issue; (3) Judge Johnston intended for his false representations about Plaintiff to cause injury and damage; (4) Plaintiff suffered injury and damage; (5) the Order is defamatory on its face; and (6) Judge Johnston has failed to inform the Senate of his factually incorrect statements to the Executive Committee and the Senate. (*Id*. ¶ 23.)

1    Plaintiff alleges that he pursues this action solely against Judge Johnston in his individual capacity
2    and does not seek any relief pertaining to the Executive Committee.  (*See id.* ¶¶ 17-18.)
3          On December 27, 2022, Judge Johnston, in his individual capacity, moved to dismiss
4    Plaintiff's claim against him for lack of personal jurisdiction and failure to state a claim.  (Dkt.
5    No. 36.)  The Government moved to dismiss Plaintiff's claim for lack of jurisdiction and failure to
6    state a claim.  (Dkt. No. 37.)  Plaintiff filed a consolidated opposition to the motions to dismiss.
7    (Dkt. No. 45.)
8          The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

**A.   Applicable Legal Standard.**

    **1.   Federal Rule of Civil Procedure 12(b)(1).**

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to bring a motion to dismiss to assert that the court lacks subject matter jurisdiction over the action.  Fed. R. Civ. P. 12(b)(1). A court presumes that a cause of action lies outside its limited jurisdiction and the party asserting jurisdiction bears the burden of establishing otherwise.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.  A waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  *United States v. Mitchell*, 455 U.S. 535, 538 (1980).  The issue of sovereign immunity may be raised by a Rule 12(b)(1) motion.  *Tobar v. United States*, 639 F.3d 1191, 1194 (9th Cir. 2011).

    **2.   Federal Rule of Civil Procedure 12(b)(2).**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction.  "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  When the Court "acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the

3

motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In this context, a prima facie showing means that the plaintiff has produced sufficient admissible evidence, that if believed, would establish personal jurisdiction. *China Tech. Global Corp. v. Fuller, Tubb, Pomeroy & Stokes,* No. 05-CV-1793-JW, 2005 WL 1513153, at *1 (N.D. Cal. June 27, 2005) (citations omitted). The Ninth Circuit has also held that a district court shall accept as true uncontroverted allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 608 (9th Cir. 2010); *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990). In doing so however, the court need not assume the truth of mere conclusory allegations. *China Tech. Global Corp.,* 2005 WL 1513153, at *1 (citing *Nicosia v. De Rooy,* 72 F.Supp.2d 1093, 1097 (N.D. Cal. 1999)).

**B.     The Doctrine of Sovereign Immunity Bars Plaintiff's Claims Regarding the Executive Committee's Order.**

The Federal Defendants move to dismiss Plaintiff's claims arising out of Judge Johnston's alleged communications with the Executive Committee as barred by the doctrine of sovereign immunity. "The basic rule of sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States." *Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001); *Bedke v. Baker*, No. CV 07-418-E-DOC, 2008 WL 11350104, at *3 (D. Idaho Mar. 21, 2008) ("A plaintiff seeking equitable relief may not sue a government official in an individual capacity where that equitable relief relates only to the official capacity of that government employee."). A party asserting a claim against the United States bears the burden of establishing a clear waiver of sovereign immunity. *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009). If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction." *Esquivel v. United States*, 21 F.4th 565, 572-73 (9th Cir. 2021).

"The applicability of the doctrine of sovereign immunity is to be determined, not by the party named as defendant, but by the result of the judgment or decree which may be entered."

4

*Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1225 (5th Cir. 1976). "A suit against an officer of the United States is one against the United States itself if the decree would operate against the sovereign; or if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration; or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." *Brown v. General Serv. Admin.*, 425 U.S. 820, 826-27 (1976) (cleaned up).

Here, Plaintiff seeks a declaration that: (1) Judge Johnston made factually incorrect statements about Plaintiff to the Executive Committee, which caused it to issue the Order, and (2) the Order is defamatory. However, Plaintiff alleges that he brings this suit against Judge Johnston in his individual capacity and does not seek any relief from the Executive Committee.[2] (*See* FAC ¶¶ 17-18.) Despite Plaintiff's attempt to cast his allegations as individual capacity claims against Judge Johnston, the Court looks to the result of the relief, if granted, to determine the applicability of the doctrine of sovereign immunity. *Alabama Rural Fire Ins. Co.*, 530 F.2d at 1225. In this case, the requested declaratory relief, if granted, would operate against the Government because it would compel the Government to rewrite or rescind the Order, which is an official government action. Further, the requested relief would interfere with public administration because it would inhibit the Executive Committee from taking actions that promote the orderly management of court operations. Thus, to the extent Plaintiff's case relates to the Executive Committee's Order, the relief he seeks affects official government operations, and the suit operates as a suit against the United States. The doctrine of sovereign immunity applies. Plaintiff cannot circumvent the applicability of sovereign immunity by alleging that he brings this suit against Judge Johnston in his individual capacity.

Plaintiff further alleges that Judge Johnston's statements to the Executive Committee were a "frolic and detour" from his official duties. (FAC ¶ 4.) But the alleged statements relate to

---

[2] In his opposition, Plaintiff reverses course and states that he seeks judicial relief against the Executive Committee to set aside the Order. (Opp. at 12.) Even if this theory was alleged in the complaint, it too would be barred by the doctrine of sovereign immunity as courts have "found that judicial councils and other bodies comprised of federal judges and courts are entitled to sovereign immunity." *Sanai v. Kozinski*, No. 4:19-CV-08162-YGR, 2021 WL 1339072, at *5 (N.D. Cal. Apr. 9, 2021) (citing cases).

5

Plaintiff's alleged behavior at the courthouse in Rockford, Illinois, and the Order requires Plaintiff to have an escort from the U.S. Marshals Service when in the courthouse. Thus, the alleged statements to the Executive Committee were made as part of Judge Johnston's federal duty as a magistrate judge to assist the Executive Committee in discharging its official powers and fall within the scope of Judge Johnston's employment. (*See* Dkt. No. 22, Declaration of Thomas G. Bruton ¶ 6.)

Plaintiff also argues that Judge Johnston's statements were false and defamatory, thereby removing them from the scope of his employment and the protection of sovereign immunity. However, an employee does not act outside of the scope of his employment merely because he makes statements that are untrue, even if the false statements are made knowingly and maliciously and regardless of the personal motivation of the federal employee. *See, e.g.*, *Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998); *McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001) ("Even willful and malicious torts of an employee can be within the scope of his employment…"); *Nyquist v. Miller*, No. 86-cv-2352, 1987 WL 7291, at *1-2 (N.D. Ill. Feb. 24, 1987), *aff'd*, 830 F.2d 196 (7th Cir. 1987); *Barr v. Matteo*, 360 U.S. 564, 575 (1959) ("The claim of unworthy privilege does not destroy the privilege."). Thus, Plaintiff's allegations that Judge Johnston's communications to the Executive Committee were intentionally fabricated does not establish that Judge Johnston was acting outside of the scope of his employment.

In opposition, Plaintiff argues that the Order was a non-judicial act, and thus is not barred by the doctrine of sovereign immunity. In so arguing, he relies on the Seventh Circuit's decision in *In re Shalaby*, No.20-2689, 2022 WL 2438825, at *2 (7th Cir. July 5, 2022), *reh'g denied*, 2022 WL 3756985 (7th Cir. Aug. 30, 2022). Plaintiff's argument misconstrues *In re Shalaby* and the doctrine of sovereign immunity. *In re Shalaby* cannot be reasonably interpreted to conclude that sovereign immunity is waived as to the Order or Judge Johnston's alleged communications to the Executive Committee. In that case, the Seventh Circuit found it lacked jurisdiction to consider Plaintiff's appeal of the Order under 28 U.S.C. section 1291 because the Order was an administrative act rather than a judicial act. The decision says nothing about sovereign immunity and does not find a waiver of sovereign immunity in a collateral attack on the Order by way of a

6

district court action. Nor does the fact that the Order was an administrative function have any bearing on the question of waiver because the doctrine applies equally to government entities acting in an administrative capacity. *See Muirhead v. Mecham*, 427 F.3d 14, 19 (1st Cir. 2005) (action challenging decision by Administrative Office of U.S. Courts regarding Magistrate Judge's exclusion from annuity program barred by sovereign immunity). Thus, Plaintiff cannot rely on *In re Shalaby* to show a waiver of sovereign immunity.

For these reasons, the doctrine of sovereign immunity applies, and Plaintiff has failed to establish a clear waiver of sovereign immunity. Thus, to the extent Plaintiff's case relates to Judge Johnston's alleged communications with the Executive Committee and the Order, the doctrine of sovereign immunity bars Plaintiff's claims for equitable relief related to this conduct. The Court grants the Federal Defendants' motion under Rule 12(b)(1). Additionally, because the bar of sovereign immunity is absolute, these claims are dismissed without leave to amend and with prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

Because the Court finds it lacks subject matter jurisdiction over Plaintiff's claim, it need not reach the Federal Defendants' other arguments for dismissal.

**C.     The Court Lacks Personal Jurisdiction Over Judge Johnston in His Individual Capacity.**

Personal jurisdiction may be either general or specific. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945) (further holding that the maintenance of an action in the forum must not

offend traditional conceptions of fair play and substantial justice). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

As discussed below, neither general nor specific personal jurisdiction exist over Judge Johnston. Thus, to the extent Plaintiff asserts claims against Judge Johnston in his individual capacity, the Court lacks personal jurisdiction over him.

### 1. The Court lacks general jurisdiction over Judge Johnston.

The standard for establishing general jurisdiction is "exacting" and requires that the defendant's contacts be "'so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

The "paradigm" for general jurisdiction over an individual is "the individual's domicile." *Goodyear Dunlop Tires Oper. v. Brown*, 564 U.S. 915, 919 (2011). In rare cases, courts have exercised general jurisdiction over an individual when the individual's contacts with a forum are so substantial that "the defendant can be deemed to be 'present' in that forum for all purposes" so that exercising general jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). An individual's frequent visits to a forum, or even his owning property in a forum, do not, alone, justify the exercise of general jurisdiction over him. *See Span Const. & Eng'g, Inc. v. Stephens*, No. CIVF 06-0286 AWIDLB, 2006 WL 1883391, at *5 (E.D. Cal. July 7, 2006).

Judge Johnston argues the Court lacks general jurisdiction over him because he lacks continuous and systematic contacts with California. The Court agrees. Judge Johnston resides in Illinois and has no physical presence in California. (*See* FAC ¶ 2.) He does not conduct business in California, own property in California, pay taxes in California, or hold any licenses issued by California. (*See* Dkt. No. 36-1, Declaration of Iain Johnston ¶¶ 1, 4-8.) Plaintiff does not respond to Judge Johnston's general jurisdiction arguments, and the Court construes Plaintiff's silence in

1  opposition as a concession that he cannot meet the burden to establish general jurisdiction over
2  Judge Johnston. The Court concludes it lacks general jurisdiction over Judge Johnston.

### 2. The Court lacks specific jurisdiction over Judge Johnston.

Establishing specific jurisdiction requires that: (1) the non-resident defendant purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. In analyzing whether the assertion of specific jurisdiction over a given defendant would be justified, the plaintiff has the burden of satisfying the first two prongs of the test. *CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1076 (9th Cir. 2011). If the plaintiff does so, the burden then shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

Here, Plaintiff has not met his burden to satisfy the first two prongs of this test. Plaintiff complains of two acts committed by Judge Johnston: (1) his statements to the Senate during the judicial confirmation process and (2) his allegedly false statements to the Executive Committee. Neither act was expressly aimed at California. The statements made to the Senate Judiciary Committee were made during a hearing in the District of Columbia and made no reference to Plaintiff or California. Similarly, any statement made to the Executive Committee occurred in Illinois and related to conduct occurring solely in Illinois.

The Supreme Court has "made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods*, 874 F.3d at 1069 (citing *Walden v. Fiore*, 571 U.S. 277, 287 (2014)). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. Here, Judge Johnston's only link to California is Plaintiff. That is insufficient to support specific personal jurisdiction. *Id.* at 285. Judge Johnston lacks sufficient minimum contacts with

California to warrant the Court's exercise of specific jurisdiction.

In his opposition, Plaintiff fails to advance any argument with respect to the Court's ability to exercise personal jurisdiction over Judge Johnston, and the facts alleged do not suggest that Plaintiff could cure the defects with respect to personal jurisdiction by amending his complaint. Thus, the Court concludes that granting leave to amend would be futile. Therefore, it grants Judge Johnston's motion to dismiss for lack of personal jurisdiction without leave to amend.

Because the Court concludes that it lacks personal jurisdiction over Judge Johnston, the Court will not address Judge Johnston's other arguments for dismissal.

**D.    The Court Denies Plaintiff's Requests for Judicial Notice.**

Plaintiff has filed requests for judicial notice in connection with his opposition to the Defendants' motions to dismiss. (*See* Dkt. Nos. 38, 46.) Plaintiff asks the Court to take judicial notice of facts which are in dispute and thus not properly subject to judicial notice. Fed. R. Evid. 201. For this reason, the Court denies Plaintiff's requests for judicial notice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motions to dismiss WITHOUT LEAVE TO AMEND. A separate judgment shall issue, and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: April 21, 2023

_____
JEFFREY S. WHITE
United States District Judge